GEORGE LAWLEY & SON CORP. v. PARK.

(Circuit Court of Appeals, First Circuit. May 25, 1905.)

No. 581.

1. CONTRACTS—ACTION FOR BREACH—QUESTIONS FOR JURY.

An issue as to whether certain bronze frames used by defendant in the construction of a yacht for plaintiff, and which proved to be brittle and unfit for the use to which they were put, were in compliance with the contract, which required all material to be "the best procurable of its kind in every respect," was properly submitted to the jury where there was evidence that the manufacturers had made and supplied to others a much better quality of bronze, although there was evidence tending to show that the bronze used was the best procurable at the time.

2. SAME—BREACH OF IMPLIED WARRANTY.

One who contracted, in the building of a yacht, to use material the best procurable of its kind, does not fulfill the implied warranty by using

reasonable efforts to procure the best, and it is no defense to an action to recover back the purchase price on the ground of its breach that he ordered the best materials, and used them in good faith in the belief that they were such.

In Error to the Circuit Court of the United States for the District of Massachusetts.

H. Eugene Bolles (Charles H. Tyler and B. Deveraux Barker, on the brief), for plaintiff in error.

Robert S. Gorham (Ropes, Gray & Gorham, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. In 1903, the plaintiff in error, hereinafter called the defendant, contracted in writing to build a yacht for the defendant in error, hereinafter called the plaintiff. The materials were to be "the best procurable of their kind in every respect." Certain frames here in controversy were to be of extruded bronze 1⅛ inches by 1½ inches by ⁷/₆₄ of an inch. About seven weeks after the yacht was launched and paid for, on her passage from New York to Newport, in ordinary weather, and with proper handling, nearly all these frames were broken, so that she was not safe to use. The bronze was found to be so brittle as to be unfit material for the frames of a yacht, having but 3 to 5 per cent. of ductility. The plaintiff sought to rescind the contract, and brought this action to recover back the purchase price. His principal contention at the trial before the jury was that the extruded bronze, of which these frames were made, was not "the best procurable of its kind in every respect," as required by the contract. The defendant asked the trial judge to order a verdict, contending that there was no evidence that the bronze was not the best procurable of its kind. The learned judge refused to take the case from the jury, which awarded the plaintiff the whole price he had paid. The defendant's exception to the learned judge's refusal to direct a verdict is now before us.

The question presented is this: Was there evidence to go to the jury that the bronze was not the best procurable of its kind in every respect? Extruded bronze is a material which, in 1903 and earlier, was made in this country exclusively by the Coe Brass Manufacturing Company. The plaintiff introduced evidence to show that rods and bars made by this company before 1903, being about 1¼ inches in diameter, showed a ductility of about 20 per cent.; that before 1903 the Herreshoffs had used bars about a quarter of an inch in thickness, having a ductility of at least 15 per cent.; and that the United States had used many tons of this bronze having a ductility of at least 15 per cent. Packard, an expert, testified that the frames in question were very brittle, and that a proper degree of ductility was necessary to constitute extruded bronze of the best quality. The defect in these frames was latent, and was known neither to the plaintiff nor to his architect until after the breakage. Having thus introduced evidence that the bronze of the frames was

unfit for use, and that much better bronze had been made by the Coe Company and supplied to others, the plaintiff made a prima facie case that the bronze was not the best procurable. To meet this case, the defendant made two defenses:

1. He introduced the evidence of Weaver, salesman and manager of the extruded bronze department of the Coe Company. Weaver testified that his company had at the time of the contract but one alloy used for the frames of yachts, and that without taking up the matter and experimenting further he could have given the defendant nothing better than the bronze furnished. He attempted to explain the admitted unfitness of these frames by stating his opinion that the bronze, when extruded into shapes as small as the frames in question, became more brittle by reason of its rapidly cooling surface, which was relatively larger as the frames were made the thinner. He also testified that a series of experiments was made by the Coe Company in 1903 and 1904, resulting in a new alloy, some samples of which, a little larger than the frames here in question, had a ductility of 20 per cent. The defendant thus sought to show that the bronze used in the yacht, though unfit for its purpose, was the best procurable of its kind. Weaver's evidence tended to establish this contention, and, if believed in all respects by the jury, might have established it conclusively. But Weaver was not qualified as an expert, and we cannot say that the jury was bound to accept his theory, or that a verdict founded upon the plaintiff's evidence was unwarranted. There was evidence that the bronze was not the best procurable, and to pass upon conflicting evidence is the duty of a jury.

2. The defendant called Lawley, its manager, who testified that he talked with Weaver before ordering the bronze frames, and that it was understood between them that the bronze was to be the best. It was agreed that all parties concerned acted in good faith, and honestly endeavored to produce a yacht which should be strong and satisfactory in every respect. The defendant contended that Lawley used all reasonable care to obtain from its only manufacturer in this country the best extruded bronze; and that, even if an inferior article was furnished the defendant, yet Lawley's precautions proved that the bronze was the best procurable, the best he could procure, even if it was not the best actually made. But we are of opinon that one who warrants to deliver the best procurable article of a certain kind does not fulfill his warranty by using reasonable care to obtain the article warranted. This suit is not brought in tort to recover for negligence in furnishing a dangerous article, but to enforce a warranty implied from the written contract. If the bronze sold to the defendant and by it employed in the yacht was, in fact, inferior to the bronze used by the Herreshoffs and the government, inferior to bronze made by the manufacturer before the contract, the defendant cannot successfully defend this action by showing that it ordered the best bronze, contracted for its delivery, and put it into the yacht in the honest belief that the manufacturer had furnished the article contracted for. For these reasons

we are of opinion that the learned judge was right in submitting the case to the jury, and the defendant's exception must be overruled.

We are also of opinion that the contract here in question was one capable of rescission, and that under the circumstances the plaintiff made a sufficient offer to return the yacht to the defendant. To refer to authorities and evidence on these two points we deem unnecessary.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs of appeal.